IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 1:18CR213-02 |
| Plaintiff | * | |
| -vs- | * | JUDGE SARA LIOI |
| EDGAR PEDRAZA-RODRIGUEZ | * | |
| Defendant | * | DEFENDANT PEDRAZA-RODRIGUEZ'S SENTENCNIG MEMORANDUM |
| * * * | | |

Defendant Edgar Pedraza-Rodriguez submits this Sentencing Memorandum, with attached Certificate of Achievements and letters of support regarding his accomplishments at NEOCC, to bring to the Court's attention pertinent information to support his request for a sentence which is sufficient but not greater than necessary to achieve the goals of sentencing as set out in 18 U.S.C. § 3553.

### I. INTRODUCTION

Edgar Gibran Pedraza-Rodriguez made his initial appearance in federal court on May 3, 2018, and has remained in federal custody since that time. On June 5, 2018, an eleven count Superseding Indictment was filed naming Mr. Pedraza-Rodriguez and eight co-defendants.[1] On July 12, 2019, Mr. Pedraza-Rodriguez pled guilty to Count 1, Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substance, Cocaine, a violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B) and § 846; Count 5, Money Laundering, a violation of 18 U.S.C. 1956 (a)(3)(A); and Count 9, Illegal Reentry Following Deportation, a violation of 8 U.S.C. 1326.[2] He

---

[1] Mr. Pedraza-Rodriguez was named in Counts 1, 3, 4, 5, 6, 9 and 10 of the Superseding Indictment.
[2] Upon sentencing the government will move to dismiss Counts 3, 4, 6 and 10 of the Superseding Indictment (R. #129, Plea Agreement, PageID #817).

1

pled guilty pursuant to a written plea agreement. As set forth in the plea agreement,[3] Counts 1 and 5 group, with Count 1, Distribution of Cocaine, being a base offense level of 28 based upon the offense involving more than 3.5 kilograms but less than 5 kilograms of cocaine pursuant to U.S.S.G. § 2D1.1, with a two level enhancement for the conviction of Count 5, money laundering, pursuant to U.S.S.G. § 2S1.1(b)(2)(B) for an offense level of 30. Pursuant to U.S.S.G. § 2L1.2, Count 9 has a base offense level of 8, with a four level enhancement for a prior felony reentry conviction for an offense level of 12. The total offense level is 30 before acceptance of responsibility. With Mr. Pedraza-Rodriguez's continued acceptance of responsibility it is anticipated that the government will recommend a three level reduction for a total offense level of 27.[4] A Presentence Report (PSR) was prepared in this case, whose finding is consistent with the plea agreement (PSR, at pages 8-10, ¶¶ 47-66). The PSR further found that his criminal history score is five, establishing a criminal history category of III (PSR, at page 12, ¶¶ 74-75). Based upon this calculation the advisory guideline sentencing range is 87-108 months. However, Mr. Pedraza-Rodriguez reserved the right, should this Court apply the two level enhancement pursuant to U.S.S.G. § 2S1.1(b)(2)(B), that he may request a two level departure or variance from the calculated guideline range.[5]

        He would request a two level downward variance based upon what he will lose within the bureau of prisons due to his status as an illegal alien. Because of this status, he may be subject to greater punishment than similarly situated defendants who are United States citizens. For example, he may be detained for several months, even years, after his term of imprisonment ends while he awaiting deportation proceedings. Furthermore Mr. Pedraza-Rodriguez will be

---

[3] R. #129, Plea Agreement, PageID #819.
[4] R. #129, Plea Agreement, PageID #820.
[5] R. #129, Plea Agreement, PageID #820.

ineligible for certain benefits, such as work release or placement in a halfway house which other similarly situated defendants may enjoy.

Based upon these factors Mr. Pedraza-Rodriguez is requesting that this Court vary downwards two levels. His total offense level would become 25, criminal history category III, and his advisory guideline sentencing range would become 70-87 months.

## II. SENTENCING

As a result of the Supreme Court's decision in *U.S. v. Booker*, 125 S.Ct. 738 (2005), the Federal Sentencing Guidelines are no longer mandatory but are merely one of the factors that must be considered by the Court in determining a sentence that is sufficient but not greater than necessary to achieve the goals of sentencing as set out in 18 U.S.C. § 3553. Treating the guidelines as advisory requires that the Court consider the guideline range calculation as merely one of many factors in determining a sentence no greater than necessary to achieve the goals of sentencing as set forth in 18 U.S.C. § 3553(a)(2).

## III. APPLICATION OF SENTENCING FACTORS TO THIS DEFENDANT

A. 18 U.S.C. § 3553(a)(1) History and Character of the Defendant

Mr. Pedraza-Rodriguez is 34 years of age. He was born in Tamaulipas, Mexico, and, except for his uncle who resides in Columbus, Ohio, his entire family still resides there. He has never been married but does have child who also lives in Columbus with his maternal grandmother. Mr. Pedraza-Rodriguez graduated from high school in Mexico in 2000 and also has two years of college in Mexico to become a veterinarian but has not yet earned his degree.

Mr. Pedraza-Rodriguez began drinking alcohol when he was 15 and increased as he got older. That he has a drinking problem is evidenced by the fact that he has several OVI's. Further, he began using cocaine when he was 18 years old and continued to use it up until the

time of his arrest. He has never participated in any substance abuse programs until he was taken into federal custody and placed at NEOCC. Since there he has taken, and successfully completed, one forty hour program for Substance Abuse Program and one for hour program for Self Improvement Program (*See*, attached Certificates of Achievement). He has also been consistent in attending and participating in Catholic Services (*See*, attached letter).

    B. <u>18 U.S.C. § 3553(a)(2)(A) Seriousness of the Offense, Respect for Law and Just Punishment.</u>

Mr. Pedraza-Rodriguez recognizes the seriousness of the offense to which he has pled guilty. He understands how his actions in this case affected not only his life but has affected those around him. A sentence within the advisory guideline sentencing range of 70-87 months would result in significant prison time in this case and would reflect the serious nature of the crime for which he has pled guilty.

    C. <u>18. U.S.C. § 3553(a)(2)(B)&(C) Adequate Deterrence and Protection from Further Crimes</u>

Mr. Pedraza-Rodriguez is now 34 years old. With a sentence of 70-87 months he will be in his late thirty's when he is release from prison. He will then have the additional time of being incarcerated while he awaits his deportation to Mexico. While that is still a young age, it will hopefully be a time of maturity for Mr. Pedraza-Rodriguez. As his family is in Mexico and he does not wish to return to the United States upon his deportation, the prison term that he receives in this case will act as an adequate deterrence to keep him from engaging in criminal acts in the future.

IV. **CONCLUSION**

Mr. Pedraza-Rodriguez submits that pursuant to the sentencing factors in 18 U.S.C. § 3553(a), that a sentence within the advisory guideline range of 70-87 months would be the appropriate sentence in this matter.

Respectfully submitted,

/S/ NATHAN A. RAY
NATHAN A. RAY, 0041570
Attorney for Defendant
137 South Main Street, Suite 201
Akron, Ohio 44308
(330) 253-7171
burdon-merlitti@neo.rr.com

PROOF OF SERVICE

I hereby certify that on November 15, 2019, a copy of the foregoing Defendant's Sentencing Memorandum was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/S/ NATHAN A. RAY
NATHAN A. RAY
Attorney for Defendant
